IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
04 DEC 15 PM 1:04
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| VIRGINIA HUNT as surviving parent of ASHLEA HUNT MARTIN, Deceased<br>Plaintiff | § | |
| VS | § | C.A. NO. 2-04CV-446 |
| U.S. XPRESS, INC. AND ROBERT J. AKERS<br>Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

VIRGINIA HUNT, as surviving parent of Ashlea Hunt Martin, Deceased, files this original complaint against U.S. Xpress, Inc. and Roberts Akers, and would show the Court as follows:

### PARTIES

1. Plaintiff Virgina Hunt is a resident of Overton, Rusk County, Texas and surviving parent of Ashlea Hunt Martin, deceased.

2. Defendant U.S. Xpress, Inc. is a foreign corporation that is incorporated under the laws of the State of Tennessee. Defendant has its principal place of business in the State of Tennessee. Defendant does not have a registered agent for service of process in the State of Texas. Service of process on defendant may be made according to the laws of the State of Texas, CPRC §17044 by serving it at its home office, U.S. Xpress, Inc., 4080 Jenkins Road, Chattanooga, TN 37421, through the Secretary of State for the State of Texas

3. Defendant, Robert J. Akers, is a resident of the State of Tennessee and may be served at the following address: 16182 Yucca Street, Hesperia, California 92345

## SUBJECT MATTER JURISDICTION

4 Plaintiff is a resident and citizen of the State of Texas at the time of the accident giving rise to this case and at the time of filing of this suit. Defendant, U. S. Xpress, Inc. is a Tennessee corporation and has its principal place of business in a state other than Texas. Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, jurisdiction based upon 28 U.S.C. 1332 is established

## FACTS

5. At approximately 10:30 a.m on Saturday, October 30, 2004, Ashlea Hunt Martin was heading west on Interstate 20 in Van Zandt County when suddenly she was hit from behind by the Defendant, Robert Akers, while in the course and scope of his employment for Defendant, U. S. Xpress, Inc. Ashlea Martin Hunt was thrown into the westbound ditch and came to a stop facing north.

6. Ashlea Martin Hunt was life-flighted to Trinity Mother Frances Hospital where she expired at approximately 7:55 p.m. on October 30, 2004 due to multiple force trauma and internal injuries suffered during this incident.

## NEGLIGENCE

7. Plaintiff alleges Defendant, Robert J. Akers, through his acts and omissions, was negligent, and such negligence was a proximate cause of the accident and damages in question. Plaintiff's resulting damages were proximately caused and/or aggravated by one or more of the negligent acts and omissions by Defendant, as cited below

Plaintiff further alleges the negligent acts and omissions by Defendant, Robert J. Akers, as cited below, violated statutory law and regulations and give rise to negligence per se, which was a proximate cause or aggravation of the accident and damages in question.

Plaintiff avers and alleges Defendant, Robert J. Akers, committed the following negligent acts or omissions and/or violated the following statutory laws and regulations:

a. Failure to keep a proper lookout;

b. Failure to timely apply brakes or to apply brakes;

c. Failure to maintain proper control of his vehicle; and

d. In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances.

8. Plaintiff alleges the acts and omissions by defendant violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause or aggravation of the incident and injuries in question resulting in the death of Ashlea Martin Hunt. In this regard, Plaintiff alleges Defendant violated the following statutory law and regulations:

A. In violating the provision of Section 545.062(a) of the Transportation Code which constituted negligence per se. Section 545.062(a) provides as follows:

"(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

9. Plaintiff would further show that Defendant, U.S. XPRESS, INC. was the owner and in possession, custody and control of the vehicle ultimately driven by its employee on the date of the accident made the basis of this lawsuit. On or about October 30, 2004, Defendant, U.S. XPRESS, INC directed its employee, Defendant, ROBERT J. AKERS, to use the vehicle in

question for the purpose of operating it on the public streets and highways of Texas, and Defendant, ROBERT J. AKERS, operated said vehicle with the knowledge, consent and permission of Defendant, U. S. XPRESS, INC.

Plaintiff further alleges that at the time of the incident made the basis of this lawsuit, the Defendant, ROBERT J. AKERS, was acting, or ostensibly appeared to be within the course and scope of his employment and in the furtherance of the business interest of Defendant, U. S. XPRESS, INC. Plaintiff invokes the doctrine of respondeat superior and alleges each negligent act and/or omission on the part of Defendant, ROBERT J. AKERS, is imputed to Defendant, U. S. XPRESS, INC. and Defendant, U. S. XPRESS, INC. is vicariously liable for all negligent acts and/or omissions alleged herein to have been perpetrated by Defendant, ROBERT J. AKERS.

## DAMAGES

10. As a result of the collision and the untimely death of Ashlea Hunt Martin, and Defendants' aforesaid negligence, Plaintiff has sustained damages in the past and will, in reasonable probability, continue to sustain damages in the future, for which pre-judgment interest is owed, as set forth below:

Virginia Hunt, as surviving mother of Ashlea Hunt Martin, has suffered damages in the nature of pecuniary loss including, but not limited to, the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would, in reasonable probability, have received from Decedent, Ashlea Hunt Martin, if she had lived. In addition, she has suffered loss of consortium and damage to the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support

and happiness. She has suffered mental anguish, grief and sorrow as a result of the death of her son and is likely to continue to suffer for a long time in the future. For these losses, Virginia Hunt, seeks damages within the jurisdictional limits of the court.

### JURY TRIAL

11. Plaintiff requests a jury trial of the above-entitled lawsuit. In support of this application, plaintiff would show that the appropriate jury fee has been paid to the district clerk.

### PRAYER

12. Plaintiff prays that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from the defendants, jointly and severally, for her damages together with the costs of suit, pre-judgment and post-judgment interest, reasonable and necessary attorneys' fees, litigation expenses, and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

WELLBORN ★ HOUSTON, L.L.P.
P. O. Box 1109
Henderson, Texas 75653-1109
903/657-8544 Telephone
903/657-6108 Facsimile

By: _____
RON ADKISON
STATE BAR NO. 00921090

ATTORNEYS FOR PLAINTIFF